OFF–WHITE LLC, Plaintiff,

v.

PAIGE, LLC, Defendant.

17–cv–2904 (JSR)

United States District Court, S.D. New York.

Signed August 14, 2017

---

**6.** Obviously, defendants' request for attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A) is also denied.

Ashly Erin Sands, Kerry Brenae Brownlee, Jason M. Drangel, Epstein Drangel LLP, New York, NY, for Plaintiff.

Rod S. Berman, Jessica Bromall Sparkman, Jeffer, Mangels, Butler & Marmaro LLP, Los Angeles, CA, Andrew Sol Langsam, Danielle Elizabeth Tepper, Pryor Cashman LLP, New York, NY, for Defendant.

## MEMORANDUM ORDER

### JED S. RAKOFF, U.S.D.J.

On July 26, 2017, the Court dismissed this trademark action without prejudice to plaintiff Off–White LLC ("Off–White") reasserting its claims in the future. Defendant Paige, LLC ("Paige") now moves for attorneys' fees and costs. Because the Court finds that the case is in no way an exceptional one warranting the award of fees, the Court denies Paige's motion.

As the Court has previously recounted the factual background and prior proceedings in this case in its Memorandum Order explaining the reasons for which the Court dismissed the case without prejudice, see Mem. Order (July 30, 2017), ECF No. 38, the Court only briefly summarizes here the facts relevant to this motion. On January 23, 2017, Paige sent Off–White a cease-and-desist letter, entitled "Re: Infringement of Trademark," requesting that Off–White withdraw one of its applications for trademark registration and cease all use or intended use of one of its marks. Compl. Ex. A at 2, ECF No. 1. The parties thereafter engaged in negotiations with the aim of settling the dispute, but they were unable to reach an agreement. See Decl. of Brian Igel in Opp. to Def. Paige, LLC f/k/a Premium Denim, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) Exs. C–E, G–I, ECF No. 31. After Off–White filed this action seeking declaratory relief on April 21, 2017, the parties continued their negotiations, during which Paige offered multiple versions of a covenant not to sue for certain uses of Off–White's marks. See, e.g., Suppl. Decl. of Walter Lacher ("Lacher Decl. dated June 30, 2017") ¶¶ 3–7, ECF No. 34.

Following oral argument on the motion to dismiss, at which counsel for Off–White failed to identify any current use or intended future use of Off–White's marks that would fall outside of Paige's most recent covenant not to sue, the Court dismissed the case without prejudice to Off–White's re-asserting its claims in the event a controversy arises in the future. See Mem. Order at 4–5, 8. Paige thereafter moved for an award of the attorneys' fees and costs it incurred in defending this action, and the parties submitted letter briefing on the instant motion.[1]

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Supreme Court recently held that, for the purposes of an analogous provision of the Patent Act,

> an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health and Fitness, Inc., —— U.S. ——, 134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014). While Off–White questions whether that standard also defines an exceptional case under the Lanham Act, that issue is of no moment here because, assuming arguendo that Octane Fitness's standard applies, this case does not meet that standard.

■ In its letter brief, Paige primarily contends that Off–White litigated the case in an unreasonable manner, both when it filed the Complaint and when it continued the proceedings in spite of Paige's settlement offers. As to the initiation of this action, Paige argues that Off–White was informed as early as January 30, 2017, i.e., before Off–White filed the Complaint, that Paige did not object to any uses of Off–White's marks of which Paige was then aware. Letter from Rod S. Berman, counsel for Paige, to the Court (Aug. 9, 2017) ("Def. Letter") 1 (citing Decl. of Rod S. Berman ("Berman Decl.") ¶¶ 4–5, ECF No. 26). However, Paige was not then aware of all of Off–White's uses, as evidenced by the fact that Paige later identified additional uses to which it did not object. See Lacher Decl. dated June 30, 2017 ¶¶ 3–7. Moreover, Paige's settlement offer at that time merely "confirmed that Paige would not object to the uses shown in [Off–White's counsel's] January 26, 2017 email, and request[ed] that Plaintiff agree that, going forward, it would use the Vertical Strip Mark in large graphics as shown in those images, and not in any smaller graphics, or in any way similar to how Paige uses its mark." Berman Decl. ¶ 5. In light of Paige's cease-and-desist letter, which raised the specter of a trademark infringement suit, Off–White's decision to initiate an action seeking declaratory relief was not unreasonable, and Paige's incomplete assurances during preliminary settlement negotiations did not make it so.

■ As to the reasonableness of continuing the action, Paige suggests that Off–White should have voluntarily dismissed the action when, shortly after the briefing schedule for the motion to dismiss was set, Paige offered the first version of a covenant not to sue. Paige argues that the covenant eliminated any legitimate reason for Off–White to maintain the action because Off–White could not specify any uses of its marks falling outside of the covenant at the time of oral argument on the motion to dismiss. Def. Letter 2. However, this

---

1. Those letters will be docketed with this Memorandum Order.

argument elides the differences between the versions of the covenant that Paige offered. During the course of this case, Paige gradually walked back its objections to the use of Off–White's marks in a series of settlement offers and proposed covenants not to sue whose terms continued to change up to and including the most recent version of the covenant, which came in a declaration submitted with Paige's reply papers in support of its motion to dismiss. Compare Lacher Decl. dated June 30, 2017, with Decl. of Walter Lacher ("Lacher Decl. dated May 29, 2017"), ECF No. 28. Thus, the fact that the most recent covenant not to sue rendered it inappropriate for the Court to grant declaratory relief in this case does not entail that Off–White was unreasonable in pursuing the action in the face of the earlier, less comprehensive versions of the covenant. Nor does the Court find that it was unreasonable for Off–White not to dismiss the action when it received the latest version of the proposed covenant not to sue shortly before the oral argument on the motion to dismiss. Accordingly, the Court concludes that Off–White did not litigate the case in an "unreasonable manner." Octane Fitness, 134 S.Ct. at 1756.

 Paige also suggests in passing that it was clear that the declaratory relief that Off–White sought was not proper, a factor that bears on the strength of Paige's litigating position. But even during the briefing of the motion to dismiss Off–White identified uses of its marks as to which Paige had not yet stated it had no objections, see, e.g., Decl. of Andrea Grilli in Opp. to Def. Paige, LLC f/k/a Premium Denim, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ¶¶ 15, 18–22, ECF No 32, and thus it is not the case that Off–White sought a clearly impermissible advisory opinion from the outset of this action.

Tellingly, Paige cites not a single decision in support of its position that this case is exceptional, either under the Octane Fitness standard or otherwise. The Court finds that it is not, and therefore denies Paige's motion for attorneys' fees and costs.

SO ORDERED.